UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X   Case No.: 1:22-cv-7571
HECTOR JUSTINICO,

                              Plaintiff(s),                        **VERIFIED COMPLAINT**

    -against-

ONTEL PRODUCTS CORPORATION,                  **JURY TRIAL DEMANDED**

                             Defendant(s).
------------------------------------------------------------------------X

       Plaintiff, by his attorneys, the LAW FIRM OF VAUGHN, WEBER & PRAKOPE, PLLC, as and for his Verified Complaint against defendants herein, respectfully sets forth and alleges the following, upon information and belief:

### **PRELIMINARY STATEMENT**

       1.      This is a product liability action in which plaintiff, HECTOR JUSTINICO (hereinafter "MR. JUSTINICO" or "PLAINTIFF"), seeks remedies for injuries caused to him by a defective Iron Gym Pro Fit pull-up bar manufactured, marketed and distributed by defendant, ONTEL PRODUCTS CORPORATION (hereinafter "ONTEL" or "DEFENDANTS").

       2.      MR. JUSTINICO'S claim arises from a December 15, 2019, incident in which ONTEL'S product suddenly and unexpectedly collapsed while MR. JUSTINICO was using it in a New York City Police Department, causing MR. JUSTINICO displaced bimalleolar fracture of his left ankle and a rupture of his left quadriceps tendon and had to be taken to the hospital by ambulance.

       3.      MR. JUSTINICO seeks monetary damages (special, compensatory, and punitive) against ONTEL, as well as an award of costs and attorney's fees, and such other and further relief as the Court deems just and proper.

### **JURISDICTION**

4. This action arises under the laws of the State of New York, as well as under the Consumer Product Safety Act, 15 USC §2072.

5. Jurisdiction is predicated upon a federal question, under 28 USC §§1331 and the matter in controversy exceeds $75,000.00.

6. Jurisdiction is also predicated upon diversity of clientship, under 28 USC §§1332, and the matter in controversy exceeds $75,000.00.

## VENUE

7. Venue is laid within the United States District Court for the Eastern District of New York in that a party resides in this district and a substantial part of the events giving rise to the claim occurred in Brooklyn, New York, which is within the boundaries of the Eastern District of New York.

8. Pursuant to FRCP Rule 4(k)(1)(A) serving a summons in this action establishes personal jurisdiction over ONTEL who is subject to the jurisdiction of a court in the State of New York. A court in the State of New York may exercise personal jurisdiction over the Defendant pursuant to CPLR §302(a). Plaintiff demands a trial by jury on all causes of action.

## PARTIES

9. MR. JUSTINICO is a citizen of the United States who resides in Kings County, New York. He works as a New York City police officer.

10. ONTEL, at all times relevant herein, was a foreign corporation, duly organized and existing under and by virtue of the laws of the State of New Jersey.

11. At all relevant times, ONTEL was authorized to and did transact business in the State of New York and derived substantial income from it.

12.     That at all times hereinafter mentioned, ONTEL did transact business in various locations in the State of New York.

## FACTUAL ALLEGATIONS

13.     ONTEL, its agents, servants, and/or employees owned a business for the purpose of designing, manufacturing, assembling, producing, distributing and/or selling a variety of products, including a home exercise device known as the "Iron Gym Pro Fit" (hereinafter "the device"), a doorframe mounted pull-up bar.

14.     MR. JUSTINICO is a full time New York City Police Officer.

15.     In MR. JUSTINICO'S Brooklyn Police station, there was a device installed in a door frame, which MR. JUSTINICO and his colleagues used occasionally.

16.     On December 15, 2019, MR. JUSTINICO was using the device when it suddenly collapsed.  MR. JUSTINICO suffered a displaced bimalleolar fracture of his left ankle and a rupture of his left quadriceps tendon and had to be taken to the hospital by ambulance.

17.     When MR. JUSTINICO was using the device, he was not using it in any novel manner, but rather, he was using it in exactly the way it is apparently intended to be used.

18.     That at all times hereinafter mentioned, ONTEL marketed the device through television, print and internet media targeting markets which included New York.

19.     That at all times hereinafter mentioned, ONTEL marketed the device as a "multifunctional training system" with key benefits of being able to attach and remove it from a door frame in seconds without drilling, tools or fasteners because the system uses "leverage" to stay securely mounted.

20.     That at all times hereinafter mentioned, ONTEL marketed the device in television, and internet media, depicting the device's use without safety devices or attachments of any type, implicitly warranting it was safe to be used in that fashion.

21.     That at all times hereinafter mentioned, MR. JUSTINICO relied upon ONTEL'S representations, express and implied, regarding the device and the safety of the device.

22.     In fact, the device is a fundamentally unsafe product, as the stronger an individual is, the more likely it is that the product will fail, since a stronger person will propel themselves up with enough force to relieve the pressure and leverage that causes the bar to remain in place.

23.     Prior to MR. JUSTINICO'S injury, ONTEL were aware, at the very least from prior lawsuits with very similar injuries caused in very similar fashion, that the device is a defective product that could create a substantial risk of injury to consumers, and that creates an unreasonable risk of serious injury or death.  Nevertheless, on information and belief, ONTEL have not reported such dangers to the Consumers Products Safety Commission.  Because of that failure, and other violations of consumer product safety rules, MR. JUSTINICO was injured.

## DAMAGES

24.     As a direct and proximate result of the acts of DEFENDANT, MR. JUSTINICO suffered significant physical and emotional damages, pain and suffering, lost wages, and other damages.

## AS AND FOR A FIRST CAUSE OF ACTION
## (NEGLIGENCE)

25.     Mr. Justinico hereby repeats, reiterates and realleges paragraph's "1" through "24" hereinabove as if fully set forth here.

26.     The incident referenced above involving MR. JUSTINICO and the device, and the resultant injuries, were due solely to the carelessness, recklessness and negligence of ONTEL and their agents, servants and employees, in the design, manufacture, assembling, production,

distribution and/or selling of a dangerous, defective, unsafe device; in representing that the device could be safely used without a safety device that prevents it from falling when being used; in failing to design and manufacture the device with a fail-safe means of preventing it from pulling away from the door frame; in expressly and tacitly representing that the device could be used safely "as is" and without any mechanisms to keep the device mounted on the door frame; in failing to warn that the device could become dislodged from the door frame under certain conditions; in failing to place any signs or warnings on the device to warn Mr. Justinico and others of its inherent dangers or the maximum door frame size; in failing to properly and timely remedy the hazardous and dangerous conditions although they had notice of such conditions in view of the fact that the conditions existed for some time prior to the occurrence and they had been previously sued for similar such occurrences; in designing, manufacturing, assembling, testing, inspecting and selling the device in a negligent, careless and reckless manner; in failing to insure that the device was in a proper, safe and reasonable condition for the use for which it was intended as of the date of its manufacture and sale; in failing to warn MR. JUSTINICO of the inherent design defects in the device; in failing to give MR. JUSTINICO an opportunity to avoid this occurrence; and in failing to warn its customers of the dangerous and hazardous conditions of the device.

27. The acts and omissions listed above proximately damaged MR. JUSTINICO.

28. This action falls within one or more of the exceptions set forth in CPLR §1602.

29. That by reason of the foregoing, MR. JUSTINICO has been damaged and should be compensated in a sum not to exceed TEN MILLION DOLLARS ($10,000,000.00).

**AS AND FOR A SECOND CAUSE OF ACTION
(STRICT PRODUCTS LIABILITY)**

30. MR. JUSTINICO hereby repeats, reiterates and realleges paragraph's "1" through "29" hereinabove as if fully set forth here.

31. The device was and is a dangerous and defective product.

32. The device was and is unfit for its intended and foreseeable uses.

33. ONTEL placed the device into the stream of commerce and, as such, are liable under the doctrine of strict products liability for MR. JUSTINICO'S injuries.

34. The defect was a substantial factor in bringing about MR. JUSTINICO'S injury or damages.

35. At the time of the occurrence MR. JUSTINICO was using the device for the purpose and in the manner normally intended.

36. MR. JUSTINICO would not by the exercise of reasonable care have both discovered the defect and perceived its danger.

37. By the exercise of reasonable care MR. JUSTINICO would not otherwise have averted his injury or damages.

38. This action falls within one or more of the exceptions set forth in CPLR §1602.

39. That by reason of the foregoing, MR. JUSTINICO has been damaged and should be compensated in a sum not to exceed TEN MILLION DOLLARS ($10,000,000.00).

## AS AND FOR A THIRD CAUSE OF ACTION
## (CONSUMER PRODUCT SAFETY ACT)

40. MR. JUSTINICO hereby repeats, reiterates and realleges paragraph's "1" through "39" hereinabove as if fully set forth here.

41. MR. JUSTINICO was injured because ONTEL violated a consumer product safety rule, or any other rule or order issued by the Consumer Product Safety Commission.

42. It is in the interest of justice that MR. JUSTINICO also recover the costs of suit, including reasonable attorneys' fees and reasonable expert witness' fees.

43.     That by reason of the foregoing, MR. JUSTINICO has been damaged and should be compensated in a sum not to exceed TEN MILLION DOLLARS ($10,000,000.00).

## AS AND FOR A FOURTH CAUSE OF ACTION
## (BREACH OF EXPRESS WARRANTY)

44.     MR. JUSTINICO hereby repeats, reiterates and realleges paragraph's "1" through "43" hereinabove as if fully set forth here.

45.     That at the time the aforesaid device, its parts, components, attachments and appurtenances were sold, the DEFENDANTS, their agents, servants and/or employees, expressly warranted to the general public that said device, its parts and components were safe, merchantable, fit for ordinary and intended purposes for which they had been designed, manufactured, assembled and sold.

46.     That the express warranties of the DEFENDANTS with respect to the device and its parts and components were false in that the same were not fit for the use and purposes for which they had been designed, manufactured and sold.

47.     That the aforesaid express warranties of the DEFENDANT were relied upon by MR. JUSTINICO at the time of his use and operation of the device, its parts, components, attachments and appurtenances and more particularly, on the date of the occurrence herein.

48.     That the DEFENDANTS, their agents, servants and/or employees breached the express warranties in that the said device and its parts and components, attachments and appurtenances, were not fit for the purposes for which they were intended, were not merchantable quality and were unsafe for the uses intended and were unsafe in design and dangerous and contained latent defects and were carelessly manufactured, designed, assembled, maintained, distributed, serviced, repaired and/or sold, and did not perform to the expectations of MR. JUSTINICO.

49. That this action falls within one or more of the exceptions set forth in CPLR §1602.

50. That by reason of the foregoing, MR. JUSTINICO has been damaged and should be compensated in a sum not to exceed TEN MILLION DOLLARS ($10,000,000.00).

## AS AND FOR A FIFTH CAUSE OF ACTION
## (BREACH OF IMPLIED WARRANTY)

51. MR. JUSTINICO hereby repeats, reiterates and realleges paragraph's "1" through "50" hereinabove as if fully set forth here.

52. That at the time the aforesaid device, its parts, components, attachments and appurtenances were sold, the DEFENDANTS, their agents, servants and/or employees, impliedly warranted to the general public that said device, its parts and components were safe, merchantable, fit for ordinary and intended purposes for which they had been designed, manufactured, assembled and sold.

53. That the implied warranties of the DEFENDANTS with respect to the said device and its parts and components were false in that the same were not fit for the use and purposes for which they had been designed, manufactured and sold.

54. That the aforesaid implied warranties of the DEFENDANTS were relied upon by MR. JUSTINICO at the time of his use and operation of the device, its parts, components, attachments and appurtenances and more particularly, on the date of the occurrence herein.

55. That the DEFENDANTS, their agents, servants and/or employees breached its implied warranties in that the said device and its parts and components, attachments and appurtenances, were not fit for the purposes for which they were intended, were not merchantable quality and were unsafe for the uses intended and were unsafe in design and dangerous and contained latent defects and were carelessly manufactured, designed, assembled, maintained,

distributed, serviced, repaired and/or sold, and did not perform to the expectations of MR. JUSTINICO.

56. That by reason of the foregoing, MR. JUSTINICO has been damaged and should be compensated in a sum not to exceed TEN MILLION DOLLARS ($10,000,000.00).

## AS AND FOR A SIXTH CAUSE OF ACTION
## (FAILURE TO WARN)

57. Mr. JUSTINICO hereby repeats, reiterates and realleges paragraph's "1" through "56" hereinabove as if fully set forth here.

58. MR. JUSTINICO was exposed to a falling hazard as a result of ONTEL's failure to provide an adequately safe device. The combination of exposure and hazard makes the device unreasonably dangerous and unfit for its intended purpose.

59. ONTEL failed to provide an adequately durable on-product warning informing the consumer that the device posed a hazard when used with a 34-inch-wide doorway. This failure is a warnings defect and a proximate cause of MR. JUSTINICO'S incident and injuries.

60. ONTEL failed to provide an adequate on-product warning informing the consumer that the device must be used with a "Safety Wedge" or equivalent, even when used in a door frame in a masonry wall. This failure is a warnings defect and a proximate cause of MR. JUSTINICO'S incident and injuries.

61. ONTEL failed to comply with ASTM F1729 Standard Specification for Fitness Equipment and Fitness Facility Safety Signage and Labels. They failed to provide a label that was not ***obliterated through normal use or foreseeable misuse***.

62. ONTEL's failure to comply with ASTM F1729 deprived MR. JUSTINICO of the information he needed to safely use the device.

63. ONTEL failed to comply with ASTM F1729 Standard Specification for Fitness Equipment and Fitness Facility Safety Signage and Labels. They failed to provide a label that was "positioned where it will be encountered by the user prior to commencing exercise."

64. ONTEL failed to comply with American National Standard Z535.4; they failed to provide a label that was placed where it was readily visible to the intended viewer and alert the viewer to the hazard in time to take appropriate action.

65. ONTEL failed to comply with American National Standard Z535.4; they failed to provide a safety label with a reasonable expected life.

66. That by reason of the foregoing, MR. JUSTINICO has been damaged and should be compensated in a sum not to exceed TEN MILLION DOLLARS ($10,000,000.00).

### AS AND FOR A SEVENTH CAUSE OF ACTION
### (DESIGN DEFECT)

67. Mr. JUSTINICO hereby repeats, reiterates and realleges paragraph's "1" through "66" hereinabove as if fully set forth here.

68. At the time of his incident, MR. JUSTINICO was using the device for its intended use; he was using it to perform pullups.

69. MR. JUSTINICO was exposed to a falling hazard as a result of ONTEL's failure to provide an adequately safe device. The combination of exposure and hazard makes the device pullup bar unreasonably dangerous and unfit for its intended purpose.

70. ONTEL failed to provide an adequately safe pull up bar design; they failed to provide means to prevent their pullup bar from unexpectedly falling off of a door frame that was set into a masonry wall. This failure is a design defect and a proximate cause of MR. JUSTINICO'S incident.

71. ONTEL failed to provide an adequately safe pull up bar design; they failed to provide means to prevent their pullup bar from unexpectedly falling off of a door frame that was set into a masonry wall. This failure is a design defect and a proximate cause of MR. JUSTINICO'S incident.

72. ONTEL failed to provide feasible safer alternative designs that others employ. This failure deprived MR. JUSTINICO of the safety that others afford their customers.

73. The design defect was a proximate cause of MR. JUSTINICO'S injuries.

74. That this action falls within one or more of the exceptions set forth in CPLR §1602.

75. That by reason of the foregoing, MR. JUSTINICO has been damaged and should be compensated in a sum not to exceed TEN MILLION DOLLARS ($10,000,000.00).

**WHEREFORE**, MR. JUSTINICO demands judgment against the DEFENDANTS in a sum not to exceed TEN MILLION DOLLARS ($10,000,000.00) on the First Cause of Action; in a sum not to exceed TEN MILLION DOLLARS ($10,000,000.00) on the Second Cause of Action; in a sum not to exceed TEN MILLION DOLLARS ($10,000,000.00) on the Third Cause of Action; and in a sum not to exceed TEN MILLION DOLLARS ($10,000,000.00) on the Fourth Cause of Action; and in a sum not to exceed TEN MILLION DOLLARS ($10,000,000.00) on the Fifth Cause of Action; and in a sum not to exceed TEN MILLION DOLLARS ($10,000,000.00) on the Sixth Cause of Action; and in a sum not to exceed TEN MILLION DOLLARS ($10,000,000.00) on the Seventh Cause of Action, together with the costs, interest and disbursements of this action.

Dated: Mineola, New York
December 13, 2022

LAW FIRM OF VAUGHN, WEBER & PRAKOPE, PLLC

By: _____
JOHN A. WEBER IV, ESQ.
Attorneys for PLAINTIFF,
HECTOR JUSTINICO
393 Jericho Turnpike, Suite 208

Mineola, New York 11501
(516) 858-2620

## VERIFICATION

State of New York      )
                S.S.   )
County of Kings        )

I, HECTOR JUSTINICO, being duly sworn, deposes and states under penalty of perjury that I am the plaintiff in the within action; I have read the foregoing

## VERIFIED COMPLAINT

and know the contents thereof; the same is true to my own knowledge, except as to the matters I believe to be true. The grounds to my belief as to all matters not stated upon my own knowledge are the materials contained in my attorneys' files and the investigation conducted by them.

_____
HECTOR JUSTINICO

Sworn to Before Me this
13 day of December, 2022

_____
Notary Public

TIMOTHY B. PRAKOPE
Notary Public, State of New York
No. 02PR6276902
Qualified in Kings County
Commission Expires 02/25/2025